# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| HOWARD LEE WHITE, | ) | |
| Petitioner, | ) | 3:04-CV-0023-LRH-VPC |
| vs. | ) | **ORDER** |
| MICHAEL BUDGE, *et al.*, | ) | |
| Respondents. | ) | |

On July 19, 2006, the Court entered an Order denying the habeas corpus petition in this case (docket #37). Judgment was entered on the same day (docket #38). Thereafter, petitioner's motion to alter or amend the judgment was denied (docket #44).

Subsequently, petitioner filed a Notice of Appeal and an Application for Certificate of Appealability (#47 and #46). Respondents have not opposed the Request for Certificate of Appealability.

He has also filed the appropriate motion for leave to proceed *in forma pauperis* on appeal (docket #45). Based on the information that petitioner has submitted with that application, the Court will grant petitioner leave to proceed *in forma pauperis* on appeal. Petitioner will not be required to prepay any portion of the $455 filing fee for his appeal.

Petitioner seeks a certificate of appealability as to ground 1 of his petition, which claims petitioner was denied effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments. *See* Application (docket #46), p. 2.

1   The Court will deny petitioner's application for a certificate of appealability. The standard for the issuance of a certificate of appealability calls for a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c). The Supreme Court has interpreted 28 U.S.C. §2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir. 2000). The petitioner has not met this standard.

The Court finds that, in view of well established law, jurists of reason would not find debatable whether petitioner's claim made a "substantial showing" of a constitutional violation. The claim provides such a showing. However, it would not be debated among jurists of reason whether the court's conclusions and assessments of those claims were correct. Petitioner was unable to demonstrate that the state court's handling of his ineffective assistance of counsel claims involved either an unreasonable determination of the facts or was contrary to or an unreasonable application of clearly established federal law.

The certificate of appealability should be denied.

**IT IS THEREFORE ORDERED** that petitioner's Application to Proceed *in Forma Pauperis* on appeal (docket #45) is **GRANTED**. Petitioner shall not be required to make any prepayment of the filing fee for his appeal.

**IT IS FURTHER ORDERED** that petitioner's application for issuance of a certificate of appealability (docket #46) is **DENIED**.

Dated this 5th day of December, 2006.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE